## Commonwealth ex rel. Merritt v. Meneilly. No. 1.

M. H. *Goldstein*, for Commonwealth; S. A. *Schreiner*, for defendant.

CHAMBERS, J., April 15, 1931.—The defendant presented his petition, setting forth that on Sept. 2, 1930, Tony Cuccarese made an information before Ira H. Edmundson, justice of the peace of Mt. Lebanon Township, this county, charging this defendant with the larceny of certain personal property consisting of red and yellow sandstone; that the stone in question had been taken by the defendant from a certain highway in said Mt. Lebanon Township known as Serpentine Drive, and delivered to a brother of the defendant, A. F. Meneilly; that the stone had been so taken and removed at the direction of A. F. Meneilly and without any knowledge on the part of the defendant that the stone so taken were the property of the said Tony Cuccarese; further alleging that the said A. F. Meneilly, on his having learned that the said Tony Cuccarese claimed to be the owner of said stone, went to the said Tony Cuccarese and made settlement with him for the value of said stone, and paid to the said Tony Cuccarese the sum of $100, whereupon the said Tony Cuccarese withdrew the information that he had made on Sept. 2, 1930, before the said Ira H. Edmundson, justice of the peace, as well as an information that he had made before the same justice against the said A. F. Meneilly, wherein the said A. F. Meneilly had been charged with receiving stolen goods, relating to the same transaction, and that the said Tony Cuccarese paid to the said justice

of the peace the sum of $15 as costs upon the two informations and retained the balance of the $100, to wit, $85, as payment in full satisfaction for the stone so taken; that notwithstanding the premises on Sept. 23, 1930, Walter C. Merritt, above named relator, made an information against the said Samuel A. Meneilly before George B. Shields, justice of the peace of the Borough of Wilkinsburg, this county, charging the said Samuel A. Meneilly with larceny of the same stone, the property of Tony Cuccarese, in regard to which the defendant had already made settlement; that upon said information a hearing was held, and that, notwithstanding that at said hearing the facts set forth in the petition had been in evidence, the said justice of the peace held the defendant for court and filed a transcript with the clerk of courts at No. 5884 of the District Attorney's Docket. The petitioner prayed the court on the matters set forth to dismiss the informations and discharge the defendant. Upon the petition so presented, the court directed a rule to issue upon the district attorney. An answer was filed by Walter C. Merritt, relator, and depositions taken. The matter is now before us for disposition.

From the depositions taken, we find the facts to be as follows: The ownership of the stone was in Tony Cuccarese; the value of said stone was less than $100; the said Tony Cuccarese acknowledges having received satisfaction for his injury and damage; after having received said satisfaction, the said Tony Cuccarese withdrew the information which he had made before Ira H. Edmundson, justice of the peace, against this defendant, as well as the said information against A. F. Meneilly, charging him with receiving stolen goods.

The Act of April 11, 1929, P. L. 514, provides in section 9 as follows:

"In all cases where a person shall, on the complaint of another, be bound by recognizance to appear, or shall, for want of security, be committed, or shall be indicted for larceny, where the value of the goods and chattels alleged to have been stolen is less than $100 . . . if the party complaining shall appear before the magistrate, who may have taken recognizance or made the commitment, or before the court in which the indictment shall be, and acknowledged to have received satisfaction for such injury and damage, it shall be lawful for the magistrate, in his discretion, to discharge the recognizance which may have been taken for the appearance of the defendant, or, in case of committal, to discharge the prisoner, or for the court also, where such proceeding has been returned to the court, in their discretion, to order a *nolle prosequi* to be entered on the indictment, as the case may require, upon payment of costs."

The purpose of this act is apparently to enable persons to make settlement of cases where the injury is rather to the individual than to the public, and to relieve the court of quarter sessions from the trial of such cases; that it would be particularly applicable to the facts in this case appears from the testimony taken on the depositions. It appears that these were stones that had been taken out of a building which had been razed. This defendant as well as his brother contend that they thought the stones were abandoned, and that as soon as they learned their mistake proceeded to make restitution. We can conceive of no situation where the act could apply with more justice than in the present case. The facts present a basis for the defendant's claim. They were used stones taken from an old building and near the highway. If a defendant who has feloniously taken and carried away goods of a value of less than $100 may be permitted to settle his case by making satisfaction and payment to the owner, surely the defendant in this case would be permitted to do so. Tony Cuccarese, the owner of the stone, is satisfied; he has been paid in full. The justice of the peace permitted him to withdraw the informa-

tions that he had made. In our opinion, this fully ended and determined the matter. The legislature surely did not contemplate that a defendant under these circumstances could be brought to trial by any intermeddler who had no interest whatever in the transaction to harass the defendant by further criminal proceedings. To so hold would be to defeat the entire purpose of the act.

We are of opinion that the prayer of the petition should be granted.

### Order.

And now, April 15, 1931, after due consideration, the rule heretofore granted is made absolute, the information dismissed and the defendant discharged.                              -From William J. Aiken, Pittsburgh, Pa.